**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.** 3:17-cv-665-GNS
*(Electronically Filed)*

ELLA J. FAUSZ                                                                                          PLAINTIFF

v.                                          **NOTICE OF REMOVAL**

EXPERIAN INFORMATION SOLUTIONS, INC.                                            DEFENDANT

* * * * * * * * * * *

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, Experian Information Solutions, Inc. ("Defendant" or "Experian"), by the undersigned counsel, hereby removes the above-entitled action from the Jefferson Circuit Court of the Commonwealth of Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division, and in furtherance of this removal states as follows:

### I. INTRODUCTION

1. On October 12, 2017, Plaintiff Ella J. Fausz ("Plaintiff"), through her counsel of record, filed a Complaint against Experian in the Commonwealth of Kentucky, Jefferson Circuit Court, Civil Action No. 17-CI-005423, a lawsuit styled *Ella J. Fausz v. Experian Information Solutions, Inc.* (the "State Court Action").

2. Defendant Experian was served with the Complaint on October 18, 2017.

3. True and correct copies of the Summons and Complaint in the State Court Action are attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(a), the attached State Court Action documents constitute a copy of all process, pleadings, and orders served in the State Court Action.

4. Plaintiff's Complaint asserts claims against Experian relating to alleged violations of Chapter 41, the Consumer Credit Protection Act, Title 15 (Commerce and Trade) of the United States Code, 15 U.S.C. § 1681, *et seq.* (the "Fair Credit Reporting Act" or "FCRA").

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*See* 28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

6. Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

4813-3399-5347.v1

7. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff has asserted claims against Experian based upon alleged violations of FCRA, which are federal consumer protection statutes. (*See* Compl.; *see also* 15 U.S.C. §§ 1692, *et seq.*) Accordingly, Plaintiff's FCRA claims arise under the laws of the United States and could have been originally filed in this Court. As such, The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

### III. ADOPTION AND RESERVATION OF DEFENSES

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Experian's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV. PROCEDURAL REQUIREMENTS

10. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11. True and correct copies of "all process, pleadings, and orders" are attached hereto in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Experian to date in this case.

12. This Notice of Removal is filed within thirty (30) days after Experian received a copy of Plaintiff's initial pleading, as Experian was served with process on October 18, 2017. *See* 28 U.S.C. § 1446(b).

13. Experian has sought no similar relief before.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Jefferson Circuit Court where the State Court Action was filed and pending prior to removal, is a state court within this federal district and division.

15. Defendant Experian will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Jefferson Circuit Court as required under 28 U.S.C. § 1446(d).

WHEREFORE, Experian notices the removal of this case to the United States District Court for the District of Kentucky pursuant to 28 U.S.C. §1441 *et seq.*

Dated:  November 3, 2017 

Respectfully submitted,

*/s/ Margaret Jane Brannon*
M. Jane Brannon (SBN 85996)
JACKSON KELLY PLLC
175 East Main Street, Suite 500
Lexington, KY 40507
Phone: (859) 255-9500
Fax: (859) 252-0688
mjbrannon@jacksonkelly.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that that on November 3, 2017, a true and correct copy of the foregoing has been served by First-Class, U.S. Mail, postage pre-paid, upon the following:

Zachary L. Taylor
TAYLOR COUCH PLLC
2815 Taylorsville Road, Suite 101
Louisville, Kentucky 40205
Phone: (502) 625-5000
Fax: (502) 822-2500
ztaylor@taylorcouch.com

*Counsel for Plaintiff Ella J. Fausz*

*/s/ Margaret Jane Brannon*
*Attorney for Defendant*
*Experian Information Solutions, Inc.*

NAI-1503151644v1

4813-3399-5347.v1