UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 3:17-CV-00665-GNS

ELLA J. FAUSZ                                                                                    PLAINTIFF

v.

EXPERIAN INFORMATION SOLUTIONS, INC.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a), or, in the Alternative, to Stay the Action (DN 9) and Plaintiff's Motion to Remand (DN 14)[1], which are ripe for adjudication. For the reasons stated below, Defendant's Motion to Transfer is **GRANTED**, and Plaintiff's Motion to Remand is **DENIED**.

### I.  STATEMENT OF THE CASE AND CLAIMS

Plaintiff Ella Fausz ("Fausz" or "Plaintiff") filed this action against Defendant Experian Information Solutions ("Experian" or "Defendant") asserting claims against Experian relating to alleged violations of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1601, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (Compl. ¶¶ 14-15, DN 1-1). In addition, Fausz asserted claims Kentucky law tort claims for invasion of privacy, negligent or intentional infliction of emotional distress, and statutory claims for violations of the Kentucky

---

[1] Plaintiff requested that this Court deny the motion or, in the alternative, decline to exercise supplemental jurisdiction and remand this case to the Jefferson Circuit Court. (Pl.'s Resp. Mot. Transfer & Pl.'s Mot. Remand 4, DN 14).

1

Consumer Protection Act, KRS 367.170, and the Kentucky Computer Security Breach Notification Act, KRS 365.732. (Compl. ¶¶ 16-32).

On September 15, 2015, Experian discovered that an unauthorized third party had accessed data housed in one of its servers. (Def.'s Mem. Supp. Mot Transfer 1, DN 9). The data consisted of names, addresses, and social security numbers from applicants and/or customers of T-Mobile during the time period of September 1, 2013, through September 16, 2015. (Def.'s Mem. Supp. Mot Transfer 1). On October 1, 2015, Experian issued a press release and shortly thereafter notified all potentially affected individuals. As part of the notice Experian offered the affected individuals two years of free credit monitoring services. (Def.'s Mem. Supp. Mot Transfer 2-3).

After notice was provided, over forty putative nationwide class actions were filed against Experian. (Def.'s Mem. Supp. Mot Transfer 2-3). Those individual class actions have been consolidated in *In re Experian Data Breach Litigation*, No. 8:15-cv-01592-AG-DFM, which is pending in the U.S. District Court for the Central District of California. (Def.'s Mem. Supp. Mot Transfer 2-3).

On October 12, 2017, Plaintiff filed this action against Experian in the Jefferson Circuit Court in a lawsuit styled *Fausz v. Experian Information Solutions, Inc*., Civil Action No. 17-CI-005423 (the "State Court Action"). On November 3, 2017, Experian removed the case from the Jefferson Circuit Court to this Court. (Notice Removal, DN 1).

## II.     JURISDICTION

Plaintiff originally asserted claims against Experian relating to alleged violations of the CCPA and FCRA, and claims arising under Kentucky law. (Compl. ¶¶ 14-32). Thus, jurisdiction is based on 28 U.S.C. § 1331. Because federal-question jurisdiction existed at the

2

time of removal, this Court has supplemental jurisdiction over the matter despite Plaintiff's attempt to dismiss her federal claims under 28 U.S.C. § 1367(a)[2].

### III. STANDARD OF REVIEW

In ruling on a motion to transfer, Section 1404(a) provides that "[f]or the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding whether or not to transfer a case under Section 1404(a), the moving party has the burden of showing that transfer to another forum is proper. *Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 652 n.7 (6th Cir. 2016). To establish that transfer is proper, the moving party must demonstrate that (1) the transferee court is one in which the action could have been brought initially; and (2) on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Additionally, the Sixth Circuit has outlined a number of factors for district courts to weigh when considering transfer of venue motions. These factors include: "(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice

---

[2] Plaintiff contends that because she voluntarily dismissed her federal claims the Central District of California would not have subject matter jurisdiction over the case. (Pl.'s Resp. Mot. Transfer & Pl.'s Mot. Remand 1). Because Plaintiff's state law claims arise out of the obligations Experian has under the FCRA, however, the federal claims would be preempted even if remand were permitted. 15 U.S.C. § 1681. Therefore, Plaintiff's negligence claim for obligations arising under the FCRA arises under federal law regardless of Plaintiff's attempt to dismiss the federal claims.

of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Pharmerica Corp. v. Crestwood Care Ctr.*, No. 3:12-CV-00511-CRS, 2013 WL 5425247, at *1 (W.D. Ky. Sept. 26, 2013). Generally, "[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Means*, 836 F.3d at 651 ("[T]he decision whether or not to transfer fell squarely within the district court's sound discretion.").

## IV. DISCUSSION

As noted above, a district court has broad discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org.*, 487 U.S. at 29 (internal quotation marks omitted) (quoting *Van Dusen*, 376 U.S. at 612). On a motion to transfer venue under Section 1404(a), the burden is on the moving party to show that transfer to another forum is proper. *Means*, 836 F.3d at 652 n.7. In order to do this the movant must demonstrate that the transfer court has both subject matter and personal jurisdiction over the action, and that venue is proper. 28 U.S.C. §§ 1331, 1391(b); *see also Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

Defendant has demonstrated that the action could have been originally brought in the Central District of California because the transferee court has both subject matter and personal jurisdiction over the action. This case was properly removed by the Defendant pursuant to 28 U.S.C. § 1441 under this Court's federal question jurisdiction. The Sixth Circuit has directed trial courts to examine the allegations in the complaint as it existed at the time of removal in order to determine if subject matter jurisdiction exists. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210-11 (6th Cir. 2004). The Central District of California also has the power to

adjudicate the rights of the Defendant because Experian's principal place of business is located in Cosa Mesa California. *Daimler v. Bauman*, 571 U.S. 117, 137 (2014) (stating that general jurisdiction over a corporation exists if the corporation is incorporated in the forum state or if the corporation's principal place of business is located in the forum state).

Additionally, venue is proper in California under 28 U.S.C. § 1391(b) which states, "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . ." For the purpose of venue, a corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

The Central District of California has personal jurisdiction over Experian and venue is proper. Therefore, Section 1404(a)'s requirement that a case may only be transferred to a district where the case could have been brought does not bar Defendant's motion to transfer.

The Court must next consider the factors outlined by the Sixth Circuit as mentioned above. Defendant contends that the Court should transfer the pending action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) for "the convenience of the parties and witness, and the interest of justice . . . ." (Def.'s Mem. Supp. Mot Transfer 6 (internal quotation marks omitted) (quoting 28 U.S.C. § 1404(a)). The main reason that Experian believes transfer will promote judicial economy due to the fact that there is currently a related action which has been pending in the Central District of California for over two years. (Def.'s Mem. Supp. Mot Transfer 12).

Beginning on October 2, 2015, class actions related to the T-Mobile Data Breach were filed across the country. (*See* Def.'s Mem. Supp. Mot Transfer 4). The first-filed matter, *Bhuta*

*v. Experian Information Solutions*, was assigned to the U.S. District Judge Andrew J. Guilford in the Central District of California. (Def.'s Mem. Supp. Mot Transfer 3). In the ensuing weeks and months over forty additional related actions were filed and of those cases that were filed outside the Central District of California, Experian succeeded in transferring the majority to the Central District of California. (Def.'s Mot. Transfer Exs. 3, 8, 9, 11, DN 9-9, 9-14, 9-15, 9-17). Each of those matters was then assigned to Judge Guilford and ultimately consolidated. (Def.'s Mot. Transfer Exs. 3, 10-16, DN 9-9, 9-16 to 9-22). With the exception of the instant action, a case that has been stayed pending resolution in Nevada, and a small claims case pending in Bexar County, Texas, that has been settled in principle and will be dismissed in short order, all other matters arising out of the T-Mobile Data Breach have been transferred and consolidated before Judge Guilford. (Def.'s Mem. Supp. Mot Transfer 4). Judge Guilford ordered that "[a]ny other actions asserting claims that are the same as or similar to the claims at issue in this Consolidated Action that are now pending, subsequently filed in, or transferred to, this District pursuant to the Court's Local Rules and General Orders shall be consolidated with this Consolidated Action for all purposes." (Def.'s Mem. Supp. Mot Transfer 4-5).

The Court finds that the interests of justice articulated in 28 U.S.C. § 1404(a) are best served by transferring this case to a venue where the related issues of fact and law have already been flushed out. As an additional consideration, the Court finds that the interest of judicial economy will be served by avoiding the possibility of duplicative judicial findings.

Ultimately, the case law demonstrates that the Sixth Circuit grants district courts broad discretion to determine when party convenience or the interest of justice makes a transfer appropriate. Therefore, in the interest of justice this Court shall grant Defendant's motion in light of: (1) the related action currently pending in the Central District of California, *In re*

*Experian Data Breach Litigation*, which has been ongoing for over two years; (2) the fact that Plaintiff's legal interest in the case has been protected so far because the court appointed Interim Lead Counsel; (3) the fact that the majority of Experian's principal witnesses currently reside in California; and (4) Plaintiff only anticipates calling two witness. (Def.'s Reply Mot. Transfer 8, DN 17).

## V. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Transfer (DN 9) is **GRANTED**.

2. Plaintiff's Motion to Remand (DN 14) is **DENIED**.

3. This case is **TRANSFERRED** to the United States District Court for the Central District of California, and the Clerk shall strike this matter from the active docket of this Court.

**Greg N. Stivers, Judge**
**United States District Court**
July 3, 2018

cc: counsel of record

7